**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **3:99-CR-111-P(06)** |
| | ) | **(3:04-CV-2741-P)** |
| **KEVIN LERAY HENDERSON, #33153-077** | ) | |
| Defendant/Movant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court for consideration are Movant Kevin Leray Henderson's motion to vacate, set aside, or correct sentence filed on December 29, 2004, pursuant to 28 U.S.C. § 2255, and his motion to be resentenced in accordance with <u>Blakely v. Washington</u> and for appointment of counsel, filed on January 24, 2005.

<u>Parties</u>:  Movant is presently confined in the federal prison system.  The government has not been ordered to respond.

<u>Statement of the Case</u>:  On March 24, 1999, Movant was charged in a multi-count indictment with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841 (Count 4), and conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 (Count 1).  Movant pled guilty to the possession count pursuant to a plea agreement.  On February 2, 2000, the District Court sentenced Movant to 144 months imprisonment and a three-year term of supervised released.  The remaining count was dismissed on the government's motion.  Movant timely appealed.  On December 14, 2000, the Court of Appeals for the Fifth Circuit dismissed the appeal as frivolous.

On December 29, 2004, Movant filed this § 2255 motion along with a 28-page brief, challenging the judgment of conviction.  In four grounds for relief, he alleges this Court lacked

jurisdiction to prosecute him.[1]

On January 24, 2005, Movant also filed a motion requesting to be resentenced under Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004), which was recently extended to the federal sentencing guidelines in United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[2]

Analysis:   Rule 4(b), of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part as follows:

> If it plainly appears from the face of the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

The Fifth Circuit recently held in the context of a second or successive motion under § 2255 that the United States Supreme Court did not make Booker retroactively applicable to cases on collateral review.  See In re Elwood, ___ F.3d ___, 2005 WL 976998 (5th Cir. Apr. 28, 2005) (per curiam).  While the Fifth Circuit has not yet addressed the applicability of Booker to a first § 2255 motion, the circuits that have considered the question have also determined that the Booker decision is not retroactive to collateral review cases.  See Guzman v. United States, 404 F.3d 139, 141-44 (2nd Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); Varela v. United States, 400 F.3d 864, 866-868 (11th Cir. 2005); McReynolds v. United

---

[1] For purposes of this recommendation, the § 2255 motion is deemed filed on December 19, 2004, the date on which Movant signed it and presumably placed it in the prison mail.  See United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000) (citing Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998)) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[2] The Court liberally construes the motion to be resentenced as a supplement to the § 2255 motion.

States, 397 F.3d 479, 480-81 (7th Cir. 2005).  Therefore, under the law of this Circuit, Movant's claim under Booker is foreclosed.  Such a claim is not cognizable in a section 2255 action.

Movant's remaining claims are time barred.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), establishes a one-year statute of limitations for federal inmates seeking relief under § 2255.  See 28 U.S.C. §§ 2255.  The district court may raise the affirmative defense of the statute of limitations *sua sponte*.  See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).[3]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing a § 2255 motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  See id. § 2255.

Movant has alleged no impediment created by government action under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief

---

[3] On January 6, 2005, the Court advised Movant of the one-year statute of limitations and granted him thirty days to show cause why the § 2255 motion should not be dismissed as barred by the limitation period.  Movant filed his response to the show cause order on January 18, 2005.

became known or could have become known prior to the date Movant's judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Movant's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).

The Fifth Circuit dismissed Movant's appeal as frivolous on December 14, 2000. Movant's conviction became final ninety days later on March 14, 2001, the last day on which he could have filed a petition for writ of certiorari to the United States Supreme Court. The one-year period began to run on March 15, 2001, the day after the conviction became final, see Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998), and expired on March 14, 2002. Movant did not file this § 2255 motion until December 19, 2004, two and one-half years after the expiration of the one-year period. Therefore, Movant's § 2255 motion is clearly untimely.

In response to the show cause order, Movant does not rely on equitable tolling. He argues generally that the two and one-half year delay in filing this § 2255 motion was caused by his lock down "in a SHU unit" with no time to research the law and access to legal material. (Movant's Resp. to Show Cause at 1). Nevertheless, his pleadings, even when liberally construed, do no present "rare and exceptional circumstances" warranting equitable tolling, United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 539 U.S. 952 (2003), and that Movant diligently pursued his rights, United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). To the extent Movant relies on his *pro se* status, the claim is meritless. "[N]either a plaintiff's unfamiliarity with the legal process nor [his] lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Therefore, Movant is not entitled to equitable tolling of the limitation period.

CONCLUSION:

IT IS THEREFORE ORDERED that Movant's motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 (docket #407) be dismissed as barred by the one-year limitation period.

IT IS FURTHER ORDERED that Movant's motion to appoint counsel (docket # 410) be denied as moot, and that his motion to be resentenced in accordance with Blakely/Booker (docket #410) be denied as it is not cognizable in this post-conviction proceeding.

A copy of this order will be mailed to Movant Kevin LeRay Henderson, #33153-077, BOP, FCI Oakdale, P.O. Box 5000, Oakdale, LA 71463.

Signed this 23rd of June 2005.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE